(29 Misc. Rep. 398.)

McFADDEN v. BLOCK et al.

(Supreme Court, Trial Term, New York County. November 3, 1899.)

1. CONTRACT—CONSTRUCTION—PROVISION OF CONTRACT AS TO TIME—WAIVER.

Plaintiff owned property on the line of an elevated railway, and brought suit for an injunction and damages. Pending the action, she sold the property to defendants, reserving the damages, with the agreement that defendants should continue the action in their own name for her benefit, and should execute any releases required by the judgment, if the suit proved successful. The agreement was to expire five years after its date. The action was continued in defendants' names, and after five years judgment was recovered for fee damages, with an injunction enjoining the operation of the road, unless the company paid the amount of the judgment on receiving a proper grant of the easements. The suit was conducted without unnecessary delay, and defendants did not, until after judgment, insist on the five-year limitation. They refused to execute the necessary releases. *Held*, that defendants had waived their right to insist on the five-year limitation.

2. SAME—DAMAGES.

For their refusal to execute the releases they were liable to plaintiff to the amount of the judgment.

Action by Rose McFadden against Jacob Block and another on a contract. Judgment for plaintiff.

Plaintiff owned property on the line of the elevated railway, and brought a suit for an injunction and damages. Pending the action, and on April 24, 1893, she sold the property to the defendants, reserving to herself the fee and rental damages. To carry into effect this purpose, the defendants, on the same date, agreed to continue the action in their name; that the judgment recovered should be for the benefit of the plaintiff and her attorney; and to execute, when necessary, all releases of the easements of light, air, and access required by the judgment, if the suit proved successful; and the parties also agreed that the agreement should come to an end five years after its date. The action was accordingly continued in the names of the defendants, as grantees of the property, and on May 17, 1899, after the expiration of the five-year limitation, they recovered judgment against the railway company for $800 fee damage, with an injunction enjoining the running of the road unless the company paid this amount upon receiving a proper grant of the easements. The company tendered this amount, but the defendants refused to execute the necessary releases. Hence the present action to recover the damages caused by such refusal. The plaintiff proved that the equity suit was tried as soon as it was reached in its order on the calendar, without any delay other than that incidental to the law, and that the defendants did not until after judgment insist upon the five-year limitation, but permitted the action to proceed to trial and judgment without objection, which the plaintiff claimed operated as a waiver of the provisions of the contract as to time.

Atwater & Cruikshank, for plaintiff.

John R. Farrar, for defendants.

McADAM, J. The defendants, as vendees of the realty, having authorized the continuance in their name of the equity suit brought by the present plaintiff, the vendor, against the Manhattan Railway, for fee and rental damages, and having permitted the plaintiff and her attorneys to proceed with and try the same and incur expense in its prosecution, after the expiration of the five years mentioned in the contract, cannot now mend their hold to her prejudice. The defendants treated the contract as a continuing one (3 Add. Cont. top p. 1193, Am. Notes by Abbott & Wood; Smith v. Gugerty, 4 Barb. 621),

allowed the plaintiff to act on that assumption, and, now that the prosecution has terminated favorably, cannot avail themselves of the five-year limitation contained in the contract, and by so doing deprive the plaintiff of the recovery which was intended for her benefit by the terms of said contract, which accompanied the sale and formed part of its consideration. The defendants, by refusing to execute the release to the railway company of the easements of light, air, and access, prevented the plaintiff from receiving the sum awarded therefor, and damnified her to that extent.          °

There must be judgment for the plaintiff.